IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**MIESHA BURRIS SHEPHERD**                                                                                             **PLAINTIFF**

v.                                            Case No. 4:15-cv-00151 KGB

**STATE OF ARKANSAS and
CITY OF PINE BLUFF**                                                                                                      **DEFENDANTS**

### ORDER

Plaintiff Miesha Burris Shepherd petitions to remove a state court criminal action to this Court under 28 U.S.C. § 1443 and requests leave to proceed *in forma pauperis* (Dkt. Nos. 1, 2). For the following reasons, the Court denies Ms. Shepherd's petition for removal; to the extent necessary remands her criminal action back to the District Court of Jefferson County, Arkansas; and denies as moot Ms. Shepherd's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The Court denies all other pending motions as moot.

Under 28 U.S.C. §1915(e)(2), "the court shall dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In this case, Ms. Shepherd petitions to remove a state prosecution against her from the District Court of Jefferson County, Arkansas, to this Court under 28 U.S.C. § 1443.

Section 1443 provides for the removal by a defendant of any civil action or criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. . . ." 28 U.S.C. § 1443; *Neal v. Wilson*, 920 F. Supp. 976, 984 (E.D. Ark. 1996) *aff'd*, 112 F.3d 351 (8th Cir. 1997). In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the Supreme Court established a two part test for § 1443 removal petitions.

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal.  *Id.*; *Neal*, 920 F. Supp. at 984 ("The Supreme Court has held that the phrase 'any law providing for equal rights' must be construed to mean any law providing for specific civil rights stated in terms of *racial* equality.").  "Removal under § 1443(1) is limited to the rare situations in which a defendant cannot enforce the right to racial equality in state courts." *N. Carolina v. Mitchell*, No. 5:14-CR-156-D, 2014 WL 7399121, at *2 (E.D.N.C. Sept. 9, 2014).

Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1) (1988)); *see also People of State of Colo. v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990).  To claim that she is being denied or cannot enforce her equal rights in the courts of Arkansas, Ms. Shepherd must allege the following:

> "that there is a basis for a firm prediction that such rights [of racial equality] will be denied in state court or that the pendency of the prosecution without more, is a deprivation of such a federally protected right.  It is not enough to show that he has a defense with more or less hope of its successful assertion in an impartial tribunal; he must show that his federally secured right of racial equality is denied by the pendency of the proceeding or by reasons of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by . . . bringing the defendant to trial in the state court."

*Neal*, 920 F. Supp. at 984 (quoting *State of South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971)).  "This particular aspect of section 1443 'normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional

provision.'" *Akhlaghi v. Berry*, 294 F. Supp. 2d 1238, 1242 (D. Kan. 2003) (quoting *Johnson*, 421 U.S. at 219).

In this case, Ms. Shepherd alleges that she "was in the Dub Brassell Detention Center the [sic] Jefferson County Jail illegally locked her up on false charges she [sic] is a victim of Assault and Battery and Aggravated Robbery and theft of property" (Dkt. No. 1, at 2). Ms. Shepherd also states that she "was stabbed by her estranged friend" and that she "is a victim of Aggravated Robbery by her estranged friend that stole her purse with the her [sic] checkbook in the purse and wrote checks that cause Miesha Burris, Shepherd to be illegally charged for hot checks in the District Court of Jefferson Court Division" (*Id.*). Ms. Shepherd maintains that she "is a victim of economics assassination, arbitrary discrimination" and vaguely references certain alleged rights under the United States Constitution, including the right to counsel under the Sixth Amendment and due process and equal protection of the law under the Fourteenth Amendment (*Id.* at 2-3).

Ms. Shepherd has failed to allege that she has been denied or cannot enforce the right to racial equality in the Arkansas state courts. *See Neal*, 920 F. Supp. at 984-85 ("Allegations that an individual is being denied equal protection by discriminatory prosecution of professional misconduct and assorted allegations of denial of due process have been held insufficient to support removal under [§ 1443]. . . . [A]llegations regarding the denial of constitutional rights generally are clearly insufficient to support removal under § 1443."). Even if Ms. Shepherd alleges a cause of action under a statute securing racial equality, she has not alleged facts indicating that she would be unable to exercise or enforce her rights under such statutes in state court. *See id.* Accordingly, Ms. Shepherd fails to allege facts that support removal of her criminal prosecution to this Court under § 1443. Further, to the extent that Ms. Shepherd attempts to remove her state court criminal action to this Court under 28 U.S.C § 1446, the Court

denies such petition for removal as § 1446 concerns the "procedure for removal of civil actions" and is not a proper basis for removal of Ms. Shepherd's case. 28 U.S.C. § 1446.

Therefore, upon a screening of Ms. Shepherd's action pursuant to 28 U.S.C. § 1915, and for the foregoing reasons, the Court dismisses without prejudice Ms. Shepherd's petition for removal (Dkt. No. 1) and, to the extent necessary, remands her criminal action back to the District Court of Jefferson County, Arkansas. Accordingly, the Court denies as moot Ms. Shepherd's motion to proceed *in forma pauperis* (Dkt. No. 2). The Court denies all other pending motions as moot.

SO ORDERED this 12th day of August, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE